Mr. Gary D. Miller Assistant Superintendent for Personnel Pulaski County Special School District 925 East Dixon Road P.O. Box 8601 Little Rock, Arkansas 72216-8601
Dear Mr. Miller:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether your decision not to release certain requested School District records is consistent with the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101 to -107 (Repl. 1996 and Supp. 1997). Specifically, you have enclosed four letters from attorney John W. Walker seeking access to various School District records. The records requested include: 1) "copies of all notices that were sent to District personnel advising them of the requirement to meet certain certification requirements by August, 2000;" 2) "the name, race, gender and position of each of the individuals receiving such notices;" 3) "a copy of each of the DRPs on each of the individuals who received this notice;" 4) "the current salary history on each of those individuals including their starting salary, their salary increases for each of the years thereafter and their positions and/or job title on the salary schedule for each of the increments to date;" 5) "the salary schedules in accordance with the increments received by each individual;" and 6) "the most current salary schedules of all certified District employees."
The documents enclosed indicate that the District provided Mr. Walker with records reflecting the race, gender and position of the affected employees. The District has not provided the requested notices (and therefore the names of the employees), the "DRPs," or the salary information requested. You note that "[t]he District has responded to Mr. Walker by noting that the matters requested may be privileged and may also fall within exceptions to the FOI law, such as being an unwarranted invasion of personal privacy." You have asked for my opinion on the matter.
RESPONSE
I must note initially that I have not been provided with copies of any of the requested records. I therefore cannot opine conclusively concerning the release of the requested records or any particular information contained therein. It is my opinion, as a general matter, however, that the decision of the District is inconsistent with the provisions of the FOIA. A blanket denial of this request is impermissible. There may be some information that must be excised pursuant to specific exceptions, but much of the information requested, if reflected in documents in the possession of the District, is public and subject to inspection and copying.
The District bases its refusal to provide the records on the fact that the records may be "privileged" and may constitute an "unwarranted invasion of personal privacy." I must note, as an initial matter, that the concept of "privileged" documents does not obtain under the FOIA. If records fit within the definition of "public records" under A.C.A. §25-19-103(1), they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. §25-19-105(b)(10). It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy."
It appears that the District has correctly determined that the requested records are "personnel records." The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134. It appears the records requested fit within this definition. As such, release of these records will be governed by the "clearly unwarranted invasion of personal privacy" standard.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court, however, has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The Arkansas Supreme Court stated in Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992):
 The fact that section § 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Young, 308 Ark. at 598.
In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The court relied upon federal case law that finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: Personal histories, religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981); information about family life,Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Under the balancing test, if the public's interest is substantial, it will usually outweigh any privacy interest. Young v. Rice,308 Ark. at 598. If there is little public interest, it is sufficient if the privacy interest is not insubstantial. Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998).
In my opinion the public's interest in the salaries and qualifications of its employees is substantial. It will therefore usually outweigh any privacy interest. The records requested, in my opinion, do not appear to contain the type of "intimate" information which could overcome the public's interest under A.C.A. § 25-19-105(b)(10). The salaries of public employees are a matter of public record and are not exempted by A.C.A. §25-19-105(b)(10). See Ops. Att'y Gen. 97-079 and 96-205 (fn.1). To the extent the District has records reflecting this information, it should be provided.
It is my understanding, additionally, that the "notices" requested by Mr. Walker consist of letters to the affected employees directing them to receive an additional level of certification. These notices would of course include the name of the affected employees. I have not reviewed these letters, and therefore cannot opine conclusively about their release. Generally speaking, however, a letter informing particular employees to obtain additional certification would not ordinarily contain the type of information exempted by A.C.A. § 25-19-105(b)(10). It is my opinion similarly, that releasing the names of such employees would not amount to a "clearly unwarranted invasion of personal privacy." In my opinion, therefore, the "notices" must, as a general matter, be released.
The acronym "DRP" mentioned in the request, refers to a "Deficiency and Removal Plan," a document created by the Arkansas Department of Education. It is my understanding that such plans are used either when: 1) a certified employee is currently working in an area for which he or she is not certified, or 2) a certified employee, although currently qualified or certified in the position held, seeks a higher level of certification. The "DRP" sets out the employee's current level of education, course work, etc., and indicates the required course work, etc. to reach the desired level of certification, and thus remove the "deficiency." A specified period of time is typically granted to obtain the additional certification. It is my understanding that this document typically includes the employees' social security number, and information derived from educational transcripts.
In my opinion the DRPs would not appear to include the type of information that would fall within the A.C.A. § 25-19-105(b)(10) exemption. Although the "DRPs" are thus generally subject to disclosure, certain information appearing in the "DRPs" of the affected employees must be redacted or excised prior to release under the FOIA. The FOIA contains an exemption for "scholastic records." A.C.A. §25-19-105(b)(2). This exemption includes information contained in educational transcripts. See, e.g., Ops. Att'y Gen. 99-016, 93-089 and 93-076 at n. 2. Any such information included in a DRP must therefore be redacted prior to the release of the record. In addition, as noted in Attorney General opinions too numerous to cite, social security numbers must be excised prior to the release of personnel records. Additional specific exemptions are listed in the FOIA. It should also be noted that in the event the DRPs reflect teacher test score information, that information must be excised pursuant to A.C.A. § 6-17-603.
Other particular exemptions may apply to information contained in the requested documents. An analysis of the applicability of particular exemptions, however, must be made in light of the particular content of the documents in question. The District may wish to obtain the guidance of its counsel in this regard.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh